IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LANCE SHARP, et al

                                        CIV. S-07-2329 JAM DAD

        Plaintiffs,

    v.                              STATUS (Pre-trial
_____      Scheduling) ORDER
WESTSIDE JAVA and CAFE, et al

        Defendants.
_____/


        After review of the Joint Status Report, the court

makes the following order:

                        SERVICE OF PROCESS

    All parties defendant to this lawsuit have been served and

no further service will be permitted except with leave of court,

good cause having been shown.


        JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

        No further joinder of parties or amendments to pleadings is

                                1

1  permitted except with leave of court, good cause having been
2  shown.

3                    JURISDICTION AND VENUE
4        Jurisdiction and venue are not contested.

5                  FICTITIOUSLY-NAMED DEFENDANTS
6        This action, including any counterclaims, cross-claims, and
7  third party complaints is hereby DISMISSED as to all DOE or other
8  fictitiously-named defendants.

9                  MOTION HEARINGS SCHEDULES
10       All dispositive motions shall be filed by February 11, 2009.
11  Hearing on such motions shall be on March 11, 2009 at 9:00 a.m.

12       The time deadline for dispositive motions does not apply to
13  motions for continuances, temporary restraining orders or other
14  emergency applications.

15       **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**
16  **DAY DUE.**

17       All purely legal issues are to be resolved by timely pre-
18  trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>
19  are procedural devices designed to address the admissibility of
20  evidence and are cautioned that the court will look with disfavor
21  upon substantive motions presented at the final pre-trial
22  conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The
23  parties are further cautioned that if any legal issue which
24  should have been tendered to the court by proper pre-trial motion
25  requires resolution by the court after the established law and
26  motion cut-off date, substantial sanctions may be assessed for

                              2

1  the failure to file the appropriate pre-trial motion.

2  **Unless prior permission has been granted, memoranda of law**

3  **in support of and in opposition to motions are limited to twenty-**

4  **five (25) pages, and reply memoranda are limited to ten (10)**

5  **pages.  The parties are also cautioned against filing multiple**

6  **briefs to circumvent this rule.**

7                                DISCOVERY

8      All discovery shall be completed by January 9, 2009.  In

9  this context, "completed" means that all discovery shall have

10  been conducted so that all depositions have been taken and any

11  disputes relative to discovery shall have been resolved by

12  appropriate order if necessary and, where discovery has been

13  ordered, the order has been complied with.

14                   DISCLOSURE OF EXPERT WITNESSES

15      The parties shall make expert witness disclosures under

16  Fed. R. Civ. P. 26(a)(2) by October 10, 2008.  Supplemental

17  disclosure and disclosure of any rebuttal experts under

18  Fed. R. Civ. P. 26(a)(2)(c) shall be made by October 17, 2008.

19      Failure of a party to comply with the disclosure schedule as

20  set forth above in all likelihood will preclude that party from

21  calling the expert witness at the time of trial absent a showing

22  that the necessity for the witness could not have been reasonably

23  anticipated at the time the disclosures were ordered and that the

24  failure to make timely disclosure did not prejudice any other

25  party.  See Fed. R. Civ. P. 37(c).

26      All experts designated are to be fully prepared at the time

1    of designation to render an informed opinion, and give their

2    reasons therefore, so that they will be able to give full and

3    complete testimony at any deposition taken by the opposing

4    parties.  Experts will not be permitted to testify at the trial

5    as to any information gathered or evaluated, or opinion formed,

6    after deposition taken subsequent to designation.

7                    JOINT MID-LITIGATION STATEMENTS

8        Not later than fourteen (14) days prior to the close of

9    discovery, the parties shall file with the court a brief joint

10   statement summarizing all law and motion practice heard by the

11   court as of the date of the filing of the statement, whether the

12   court has disposed of the motion at the time the statement is

13   filed and served, and the likelihood that any further motions

14   will be noticed prior to the close of law and motion.  The filing

15   of this statement shall not relieve the parties or counsel of

16   their obligation to timely notice all appropriate motions as set

17   forth above.

18                    FINAL PRE-TRIAL CONFERENCE

19       The final pre-trial conference is set for April 15, 2009 at

20   4:00 p.m.  In each instance an attorney who will try the case for

21   a given party shall attend the final pretrial conference on behalf

22   of that party; provided, however, that if by reason of illness or

23   other unavoidable circumstance the trial attorney is unable to

24   attend, the attorney who attends in place of the trial attorney

25   shall have equal familiarity with the case and equal authorization

26   to make commitments on behalf of the client.  All pro se parties

                                    4

1    must attend the pre-trial conference.

2        Counsel for all parties and all <u>pro se</u> parties are to be

3    fully prepared for trial at the time of the pre-trial conference,

4    with no matters remaining to be accomplished except production of

5    witnesses for oral testimony.  The parties shall file with the

6    court, no later than seven days prior to the final pre-trial

7    conference, a <u>joint</u> pre-trial statement.

8    **Also at the time of filing the Joint Pretrial Statement, counsel**

9    **are requested to e-mail the Joint Pretrial Statement in WPD or**

10   **Word format to Judge Mendez's assistant, Jane Pratt**

11   **at: jpratt@caed.uscourts.gov.**

12       Where the parties are unable to agree as to what legal or

13   factual issues are properly before the court for trial, they

14   should nevertheless list all issues asserted by any of the parties

15   and indicate by appropriate footnotes the disputes concerning such

16   issues.  The provisions of Local Rule 16-281 shall, however, apply

17   with respect to the matters to be included in the joint pre-trial

18   statement.  Failure to comply with Local Rule 16-281, as modified

19   herein, may be grounds for sanctions.

20       The parties are reminded that pursuant to Local Rule

21   16-281(b)(10) and (11) they are required to list in the final pre-

22   trial statement all witnesses and exhibits they propose to offer

23   at trial, no matter for what purpose.  These lists shall not be

24   contained in the body of the final pre-trial statement itself, but

25   shall be attached as separate documents so that the court may

26   attach them as an addendum to the final pre-trial order.  The

                                    5

1  final pre-trial order will contain a stringent standard for the

2  offering at trial of witnesses and exhibits not listed in the

3  final pre-trial order, and the parties are cautioned that the

4  standard will be strictly applied.  On the other hand, the listing

5  of exhibits or witnesses that a party does not intend to offer

6  will be viewed as an abuse of the court's processes.

7       The parties are also reminded that pursuant to Rule 16,

8  Fed. R. Civ. P., it will be their duty at the final pre-trial con-

9  ference to aid the court in: (a) formulation and simplification of

10 issues and the elimination of frivolous claims or defenses; (b)

11 settling of facts which should properly be admitted; and (c) the

12 avoidance of unnecessary proof and cumulative evidence.  Counsel

13 must cooperatively prepare the joint pre-trial statement and par-

14 ticipate in good faith at the final pre-trial conference with

15 these aims in mind.  A failure to do so may result in the imposi-

16 tion of sanctions which may include monetary sanctions, orders

17 precluding proof, elimination of claims or defenses, or such other

18 sanctions as the court deems appropriate.

19                          TRIAL SETTING

20      Trial in this matter is set for May 18, 2009 at 8:30 a.m.

21 The parties estimate a trial length of approximately 5 - 7 days.

22                      SETTLEMENT CONFERENCE

23      No Settlement Conference is currently scheduled.  If the

24 parties wish to have a settlement conference, one will be

25 scheduled at the final pretrial conference or at an earlier time

26 upon request of the parties.

OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

This Status Order will become final without further Order of Court unless objection is lodged within seven (7) days of the date of the filing of this Order.

IT IS SO ORDERED.

Dated:  June 16, 2008

/s/ John A. Mendez
HON. JOHN A. MENDEZ
United States District Judge